E. S. JEMISON v. SCOTTISH-AMERICAN MORTGAGE COMPANY, LIMITED.

Decided July 2, 1898.

**1. Deed with Exception—Innocent Purchaser—Registry Statute.**

The registry statute making void as to purchasers for value and without notice a prior unrecorded deed does not apply as to land previously sold in case of a deed conveying all the grantor's interest in the land except that which has been previously conveyed to other parties.

**2. Same—Recital Limiting Amount Conveyed.**

A deed conveying all of the lands of the grantors northwest of a specified line which they acquired by "purchase and inheritance" from a specified decedent, does not include land which may have come to one of the grantors under the will of such decedent, where the will empowered the executors to sell the land, and such land had been previously conveyed by the executors.

APPEAL from Haskell. Tried below before A. H. KIRBY, ESQ., Special Judge.

*S. W. Jones, P. D. Sanders,* and *Foster & Scott,* for appellant.

*Gano, Gano & Gano,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellant sued appellees to recover the north half of the James H. West survey of land situated in Haskell County, and failing to recover more than a small part thereof, he prosecutes this appeal. The case was tried without a jury, and without any conflict in the evidence. Appellant's statement of the material facts proven is accepted by the appellees.

The decision of the case turns upon the construction of certain deeds made, in November and December, 1876, by the widow and a portion of the children of A. F. James, the common source of title, who died testate March 4, 1861, to George J. Butler, whose wife was a daughter of A. F. James, deceased, and of a deed from Butler and wife to James M. Robertson, made November 7, 1885. These deeds are quoted in appellant's brief.

The deeds to Butler recite a nominal consideration, and convey to him, as therein expressed, "the following property, to wit: All the right, title, and interest, legal and equitable, that we now own or possess, or that may hereafter vest in us, whether as heirs, devisees, or distributees in and to all the estate, real and personal, of A. F. James, deceased, situated and being in the State of Texas, except * * * , and except also whatever interest of ours in and to said estate may have heretofore been transferred or conveyed to other parties, all of which are intended to be excluded from the operation hereof, to have and to hold the same to him, the said Geo. J. Butler, his heirs and assigns forever."

The deed from Butler and wife to Robertson reads:

"*The State of Texas, County of Bell.*—Know all men by these presents, that we, Geo. J. Butler and Sallie J. Butler, husband and wife, of the county and State aforesaid, for and in consideration of $800 to us in hand paid by James Robertson, of Bosque County, Texas, have granted, sold, quitclaimed, and conveyed, and by these presents do grant, sell, quitclaim and convey unto the said James M. Robertson, all of our right, title, interest, claim, or demand of whatsoever kind, of, in, and to the M. Menard 640-acre survey, located about three miles northwest from Meridian, in Bosque County, Texas, and being the same land conveyed to us by J. R. Coryell, less 50 acres heretofore sold to said Robertson, and reference is here made to said deed for description. Also, all of our lands lying northwest of the Texas & Pacific Railroad, which we acquired by purchase and inheritance from A. F. James, deceased, late citizen of Galveston County, Texas; said Texas & Pacific entering Texas in Harrison County on the east and El Paso County on the west, and this deed is

intended to convey all lands we own northwest of said road acquired by purchase from the heirs of said James, or by inheritance.

"To have and to hold the above described premises unto the said James M. Robertson, his heirs and assigns forever.

"Witness our hands at Belton, Texas, this 7th day of November, A. D 1885.

"Geo. J. Butler,

"Sallie J. Butler."

When these several deeds were made the grantors had no title to the land in controversy, because the independent executor of A. F. James, deceased, had already, as early as 1872, being empowered so to do by the will, conveyed it to Samuel Welch, whose title appellant afterwards acquired, but this conveyance was not recorded in Haskell County till November 8, 1890.

The appellee mortgage company acquired its title in good faith and for value from Robertson, and the judgment in its favor should stand, unless the deeds under which Robertson claimed were such as to preclude the defense of innocent purchase. It is quite clear that none of these deeds named or specifically described the land in controversy, though it was situated within the bounds named in the deed to Robertson. Did any of them purport to convey it? Certainly the deeds to Butler did not, for they in terms expressly excepted and excluded whatever lands had been previously conveyed to others, thereby excluding the land in dispute. That is certain which may be made certain.

The registration statute which makes void as to purchasers for value and without notice a prior unrecorded deed, has no application here, for the purchaser under these conveyances holds no deed whatsoever to the land covered by the prior unrecorded deed made by the executor.

Nor does the deed from Butler and wife to Robertson, when read, as it must be, in the light of the next preceding deeds in the chain of title, purport to convey this land, except possibly the small interest devised to Butler's wife by the will of her father. True, it purports to convey and says it was intended to convey all lands northwest of the Texas & Pacific railroad owned by the grantors and acquired by purchase from the heirs of A. F. James, deceased, or by inheritance from him, but evidently the word "purchase" used in this deed had reference to the title acquired under the prior deeds from the widow and children of A. F. James, and was not used in its technical sense to denote any title acquired out of the ordinary course of descent.

What was meant by the word "inheritance" may not be so clear, but it is equally evident that this word is not to be taken in its technical sense, inasmuch as whatever title Mrs. Butler acquired, apart from the deeds referred to, was by devise and not by inheritance. It was the evident purpose of this deed to convey whatever title Butler and wife had acquired to lands in the specified and extensive territory under the previous deeds to them and whatever title the wife of Butler had acquired

under the will of her father. As already seen, none was acquired under the deeds, and the deed of the executor prevented any from being acquired under the will.

We conclude, therefore, that while this deed may not be a quitclaim as to the land situated in Bosque County, it amounted to no more than a quitclaim in respect to the land in controversy, and hence that the defense of good faith purchase was not available, even as to the interest which the wife of Butler might have acquired under the will, had not the executor, being by the same will thereunto authorized, conveyed it away.

It follows that the judgment should be reversed and here rendered for appellant for all the land sued for, and it is so ordered.

*Reversed and rendered.*

Writ of error refused.