GEORGE H. GIDDINGS v. E. H. WINFREE.

Decided April 1, 1903.

**1.—Survey—Conflicting Boundaries—Parol Evidence.**

Where the field notes of a junior survey, as given in the patent of the land, are clear and unambiguous, do not call for any marked line, and the boundaries thereby designated are not in conflict with any portion of an older adjoining survey, parol evidence was not admissible to show that a different survey of the junior location was in fact made which conflicted with the other tract.

**2.—Same—Limitations.**

Where defendant's deed did not include that part of plaintiff's survey of which defendant had been in possession, he acquired no title thereto by virtue of the three and five years statutes of limitations.

Appeal from the District Court of Chambers. Tried below before Hon. L. B. Hightower.

*H. E. Marshall* and *E. B. Pickett, Jr.,* for appellant.

*Jackson & Hightower,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by appellant against appellee for a tract of 70 acres of land, a part of the William D. Smith one-fourth league survey in Chambers County.

The defendant disclaimed as to a portion of the land sued for, and as to the remainder pleaded not guilty, and the statutes of limitation of three and five years. The trial in the court below without a jury resulted in a judgment in favor of the plaintiff for that portion of the land to which the defendant disclaimed, and in favor of defendant for the portion claimed by him under his pleas of limitation.

The facts are undisputed, and are succinctly stated as follows: Plaintiff has a regular chain of title from the sovereignty of the soil to the 70 acres of land sued for. This land is a part of the William D. Smith one-fourth league survey. The Smith survey was located in 1835, and its boundaries are known and established. The defendant is the owner of the Thomas M. Blake survey, which was surveyed and patented in 1879. The field notes in the patent describe the Blake survey as follows:

"Beginning at the S. E. corner of the Wm. D. Smith survey on the north line of Wm. Bloodgood league, stake in prairie. Thence N. 79½ E. on N. line of Bloodgood 525 varas to corner of Henry Griffith league, cedar stake. Thence N. 31 W. with W. line of Griffith 1493 vrs. to intersection of the E. line of said W. D. Smith survey with the W. line of the Griffith. Thence S. 10½ E. with E. line of W. D. Smith 1400 vrs. to the beginning. Surveyed May 21, 1879."

All of the deeds under which appellee holds title to the Blake survey copy the description of the land contained in the patent. There has

never been any actual possession by plaintiff or those under whom he claims of any portion of the 70 acres of land claimed by him. The Blake survey as actually located upon the ground included a portion of the land claimed by plaintiff, and also a portion of the Smith survey lying west of and adjoining plaintiff's land. Defendant, in the spring of 1892, put improvements upon that portion of the Blake survey as the same was actually located which is on the Smith survey outside of but adjoining the 70 acres claimed by plaintiff, and had occupied and resided upon same continuously up to the time of the filing of this suit on the 1st day of March, 1901. The fence inclosing the premises thus occupied by defendant extended over the line of the 70-acre tract owned by plaintiff for a distance of about fifteen feet, and included a portion of plaintiff's land, variously estimated by the witnesses at from one-fourth of an acre to two acres.

Under these facts judgment should have been rendered by the court below in favor of plaintiff for the entire 70-acre tract.

The field notes of the Blake survey do not call for any marked line, and the boundaries thereby designated are not in conflict with any portion of the William D. Smith survey, and parol evidence was not admissible to show that a different survey was in fact made. These field notes are clear and unambiguous, and the land thereby described is east of the east line of the Smith survey. The location of the Smith survey is not questioned, and the undisputed evidence shows that plaintiff's 70 acres of land is a part of that survey. From these facts it appears beyond dispute that the portion of plaintiff's land of which defendant is shown to have been in possession is not included in the boundaries of defendant's deed, and defendant acquired no title thereto under the three or five years statutes of limitation. Anderson v. Stamps, 19 Texas, 460; Converse v. Langston, 81 Texas, 278.

The judgment of the court below will be reversed and judgment here rendered in favor of the appellant for the whole of the 70-acre tract of land described in his petition, and it is so ordered.

                                        *Reversed and rendered.*

Application for writ of error dismissed by the Supreme Court for want of jurisdiction.