## TEXAS OSAGE COOPERATIVE ROYAL-TY POOL, Inc., et al. v. COLWELL et ux.

### No. 5803.

Court of Civil Appeals of Texas. Amarillo. Sept. 22, 1947.

Rehearing Denied Oct. 27, 1947.

94

House, Mercer & Kaine, of San Antonio, and Frank R. Day, of Plainview, for appellants.

Griffin & Morehead, of Plainview, for appellees.

PITTS, Chief Justice.

This suit was filed in three counts on November 29, 1946, by appellants, Texas Osage Cooperative Royalty Pool, Inc., and Flag Oil Company of Texas, a corporation, against appellees, A. B. Colwell and wife Myrtle Colwell, alleging in the first count a cause of action in trespass to try title to recover from appellees an undivided one-half interest in and to the oil, gas, and other minerals in, on and under the west 160 acres of land located in Section 16, Block S, Hale County, Texas; alleging in the second count title specifically to mineral rights by reason of a mineral deed executed by appellees on or about January 10, 1931, conveying to appellants an undivided one-half interest in the mineral rights to the west 160 acres situated in Section 16, Block P, Hale County, Texas, but that there was a latent ambiguity when the description in the mineral deed was applied to the ground, which would admit extrinsic evidence to prove that the property appellees intended to convey was Section 16, Block S, Hale County, Texas, and not that described in the deed and they prayed for judgment for the land appellees intended to convey to them; and alleging in the third count that appellees executed and delivered to appellants on or about January 10, 1931, a mineral deed conveying an undivided one-half interest in the minerals in, on and under the west 160 acres of Section 16, Block S, Hale County, Texas, but that through a mutual mistake and an error the land was described in the mineral deed as being the "West 160 acres of Section 16, Block P, Hale County, Texas" when in truth and in fact appellees intended to convey an undivided one-half mineral interest in the west 160 acres of Section 16, Block S, Hale County, Texas; that the mistake in the description of the land in the deed was made as a result of information or a misdescription of the land furnished appellants by appellees and that appellants did not discover the existence of the mistake until on or about May 4, 1946, and they prayed for judgment reforming the mineral deed and for title to an undivided one-half interest in the mineral rights to the west 160 acres of Section 16, Block S, Hale County, Texas.

Appellees answered with an exception to appellants' pleadings and said that any cause of action they may have had was barred by the four years statute of limitations. They further pleaded not guilty, a general denial, four years statute of limitation in bar of recovery; that the mineral deed was prepared by appellants and their agent which deed has been in the possession and under control of appellants since it was executed; that they have raised no question about it and done nothing to correct it for years and that they are therefore guilty of laches and stale demands in bringing the suit and should not recover; appellees prayed further for judgment removing the cloud on their title to the said land.

The case was tried to a jury and after the evidence closed both parties requested an instructed verdict. The trial court granted the request of appellees, took the case away from the jury and rendered judgment for appellees on the grounds that appellants' alleged cause of action was barred by the four years statute of limitations and removed the cloud from the title to appellees' land, from which judgment appellants perfected an appeal to this Court.

The record reveals that on January 10, 1931, appellees executed a mineral deed conveying to appellants an undivided one-half interest in and to all mineral interests in and under the west 160 acres of land, Section 16, Block P, Hale County, Texas; that there was not any Section 16 in Block P of Hale County; that there were several other blocks in Hale County which did have a Section 16 therein; that appellees owned and since 1924, had occupied as a home-

stead the west 160 acres of Section 16, Block S, in Hale County, Texas; that the deed in question was not prepared by appellees and that appellees did not furnish a description of the land in question to appellants whose agent, Jones, prepared the deed and presented it to appellees for execution; that appellees did not see the deed from the time it was executed until some 15 years thereafter but that it had been in the custody and under the control of appellants, who had it recorded in Hale County on September 3, 1931; that it was the duty of appellants' agent, J. R. Klump, to check the preparation of such deeds and to check the area in which the land was located and to send the deeds to the proper place to be recorded; that he examined the Colwell deed in question and as appellants' agent relied on its contents; that he had it recorded in Hale County, after which it was returned to him for appellants' files where it remained.

■ We think a suit to correct or reform a deed because of latent ambiguity or mutual mistake and one in trespass to try title can be brought in the same proceeding. But before the land or mineral rights can be recovered in such a proceeding, there must be a satisfactory showing under the law that the deed in question should be corrected or reformed because of latent ambiguity or mutual mistake.

■ The deed in question here purports to convey an undivided one-half of the mineral rights "now owned by the grantors" in "Section 16, Block P, Hale County, Texas". The description is full, clearly and consistently expressed without any doubt or apparent conflicts. There appears to be nothing hidden or concealed in the description that would admit extrinsic or parol evidence to explain. Certainly there is no indication in the description that appellees intended to convey any part of their mineral interests in "Block S, Hale County, Texas". It is obvious that the purpose of the statute requiring a conveyance of land or mineral interests to be in writing would be defeated if parol evidence were admitted to prove the conveyance of min-

eral interests in some tract of land that was not referred to or was not mentioned directly or indirectly in the deed in question. We therefore find no latent ambiguity in the deed. In support of our position we cite Diffie v. White, Tex.Civ.App., 184 S.W. 1065, and other authorities there cited. Browne v. Gorman, Tex.Civ.App., 208 S.W. 385; Miller v. Hodges, Tex.Com.App., 260 S.W. 168; Scheller v. Groesbeck, Tex.Com. App., 231 S.W. 1092, 14 Tex.Jur. 986, Sec. 200, and other authorities there cited.

■ Appellants have pleaded mutual mistake and pray for a correction or reformation of the deed and that they have judgment for title to an undivided one-half mineral interest under Section 16, Block S, Hale County. Without such mistake being first corrected by a reformation of the deed in question appellants hold no legal or equitable title to the claimed mineral rights such as would sustain their suit in trespass to try title. Their right to recover under their suit in trespass to try title depends upon their relief sought to correct the title by reformation. If appellants are barred from obtaining a correction of the deed by reformation, then they are not entitled to recover in their action of trespass to try title. Cleveland State Bank v. Gardner, Tex.Com.App., 286 S.W. 173 and other authorities there cited, and Hamilton v. Green, Tex.Civ.App., 166 S.W. 97.

■ Appellees pleaded the four years statute of limitations in bar of appellants' recovery. Appellants endeavor to excuse themselves from the plea of limitations on the ground that they did not discover the mistake until on or about May 4, 1946, but we do not believe the law indulges in such extreme liberality. Nothing is shown which excuses appellants from discovering the alleged mistake if they had exercised ordinary care, proper diligence and inquiry under the circumstances. Appellants' agent prepared the deed without any information or description of the land having been furnished him by appellees who had nothing to do with the preparation of the deed and who executed it without reading it; appellants had the deed in their

96

possession at all times except when they sent it to be recorded; the deed and the area were checked by appellants' agent who was charged with such duties; nothing but inexcusable negligence could have prevented appellants from learning about such a mistake for a period of more than 15 years between the time the deed was executed and the time appellants say they learned of the mistake and this suit was filed more than six months after appellants say they learned about the mistake. In the absence of circumstances which prevented appellants from discovering the mistake and upon a showing that they were wholly responsible for the preparation of the deed, checked its contents and the area covered by it and had it in their possession for more than 15 years and could have and should have by the exercise of ordinary care and proper diligence discovered the mistake, appellants should not now be heard to complain. On the contrary, appellants are charged as a matter of law with full knowledge of the mistake from the time they ought to have discovered the same by the exercise of ordinary care and proper diligence under the circumstances and limitation began to run from such a time. There is likewise a well recognized rule of law enunciated by the Commission of Appeals in the case of Williams v. Harris County Houston Ship Channel Nav. District, 128 Tex. 411, 99 S.W.2d 276, 110 A.L.R. 59, to the effect that the grantee in a deed is charged with knowledge of the recitals in the instruments which constitute its chain of title. For this reason appellants are charged with knowledge of the mistake in the deed and should not be heard to complain. Appellants' right to have the deed in question corrected by reformation is barred by the four years statute of limitation and their alleged cause of action in trespass to try title is therefore barred by the statute of limitation. Cleveland State Bank v. Gardner, supra; Hamilton v. Green, supra; Chicago, T. & M. C. Ry. Co. v. Titterington, 84 Tex. 218, 19 S.W. 472, 31 Am. St.Rep. 39; Mounger v. Daugherty, Tex. Civ.App., 138 S.W. 1070; Tijerina v. Tijerina, Tex.Civ.App., 77 S.W.2d 706; Kennedy v. Brown, Tex.Civ.App., 113 S.W.2d 1018; Mathis v. Stockdick, Tex.Civ.App., 189 S.W.2d 106.

Appellants contend that appellees should be estopped to deny appellants' right to recover because they made a written application to appellants on January 10, 1931, for a certificate as evidence of shares or an interest in some kind of a royalty pool controlled by appellants who were authorized to issue 2229 shares of interest in the pool; that appellees promised and bound themselves in the said application to lease to appellants an undivided one-half interest in mineral rights in and to 160 acres of land in Hale County, Texas, to be used as a part of the said pool and that they attached the application to the deed in question and delivered them to appellants; that appellants issued such a certificate to appellees who accepted it and received from appellants and cashed certain dividend checks on their said certificate of stock or interest in the royalty pool and that appellees received benefits from and acquiesced in the business transactions which they had with appellants, and that they are therefore estopped from denying appellants' right to recover.

The record reveals that the application in question did not purport to describe the land in question nor was it a contract to convey any land to appellants or to anybody else; that the application was not sworn to by either of appellees; that appellees received from appellants and cashed eight dividend checks over a period of six or eight years, the total amount of the checks cashed being less than $15, but that they refused to cash any more such checks after July 25, 1939, and advised appellants of their refusal and further advised appellants by letter in the year 1938 that they had been misinformed in the original business transaction and wanted a release from appellants. Appellees' refusal to cash any more dividend checks in 1939 and their request in 1938 to be released should have put appellants on notice that something was wrong, and this notice was given appellants seven or eight years before this suit was filed. It is our opinion that the said application and the cashing of the

checks in question under the circumstances furnish no basis for appellants' plea of estoppel and we therefore overrule their contention to the contrary.

After carefully examining the record and appellants' assignments of error, it is our conclusion that the case has been properly disposed of by the trial court and appellants' points of error to the contrary are all overruled and the judgment of the trial court is affirmed.