## MANNING v. MILLER et al.
### No. 11729.

Court of Civil Appeals of Texas. San Antonio.

Oct. 29, 1947.

Rehearing Denied Dec. 3, 1947.

R. N. Cate, of San Antonio, and Harold R. Clayton and Allan Shivers, both of Port Arthur, for appellant.

Levey & Goldstein, of San Antonio, for appellee.

MURRAY, Justice.

This suit involves the ownership of a certain 1946 Oldsmobile Coach, Motor No. 6-2637H. Originally there were four contenders for the title and possession of this automobile, but ultimately it came down to a contention between George A. Manning, doing business as Manning Sales Company and Jack Shemaria, doing business as New Yorker Auto Sales Company.

The trial was before the court without the aid of a jury and resulted, among other things, in judgment awarding the title and possession of the Oldsmobile Coach to Jack Shemaria. George A. Manning has prosecuted this appeal.

The question here presented is whether appellant or appellee is entitled to recover this automobile under the more or less undisputed facts in the case.

Many transactions are involved and it is well to here set them out:

One John Miller, on December 15, 1945, purchased a 1946 Oldsmobile Coach, Motor No. 6-2637H, from Oris L. Passmore of Vinton, Louisiana. The sale took place in the State of Louisiana and the automobile at the time bore Louisiana license plates. In order to pay the purchase price of the automobile, John Miller borrowed $1,042.50 from Plauche-Locke Securities, Inc., of Lake Charles, Louisiana, executing a chattel mortgage and a note in such amount payable to Plauche-Locke Securities, Inc. The description of the automobile given in the chattel mortgage was incorrect, in that the motor number was given as 6-26378, while the correct number was 6-2637H. The chattel mortgage was duly recorded in the State of Louisiana.

John Miller then took this automobile to Orange, Texas, and on January 2, 1946, under the name of Harvey Miller, borrowed $1,056 from R. N. Weir, executed a note for such amount and gave a chattel mortgage on his automobile to secure the note. It is clear that by this transaction no valid lien was created on the automobile, because Weir failed to comply with the Certificate of Title Act, Art. 1436—1, §§ 42, 46, Vernon's Ann.P.C.

John Miller thereafter, on January 14, 1946, sold the same automobile to appellant, Manning, at Port Arthur, Texas. He left the automobile at Manning's place of business and Manning paid him the purchase price of $1,200. At this time the automobile still bore the Louisiana license plates. Miller executed an application for a Texas certificate of title, endorsed such application in blank and turned the application, together with a Bill of Sale, over to Manning. On the same day Miller took the automobile from Manning's place of business, without Manning's knowledge or consent. This application for a certificate of title was not delivered to the tax collector, as required by Art. 1436–1, § 30, but misplaced or lost.

John Miller then drove the automobile to San Antonio, Texas, where, on January 24, 1946, he undertook to sell it to appellee Jack Shemaria for a cash consideration of $1,250.. Possession of the car was given to Jack Shemaria, along with a power of attorney and another instrument described as a bill of sale. The $1,250 was paid to Miller in cash by Jack Shemaria. A few days thereafter the San Antonio police seized the automobile as being a stolen one and they retained possession of it up until the time of the trial. Thereafter George A. Manning, on or about the 21st day of August, 1946, obtained from John Miller, who was at the time a convict in Louisiana State Penitentiary, a new application for certificate of title to said automobile, and on September 3, 1946, a Certificate of Title thereto was issued by the Texas State Highway Department. At that time the present suit had been pending in the courts more than eight months.

On February 9, 1946, the Plauche-Locke Securities, Inc., secured a judgment on its note and a foreclosure of the chattel mortgage, in the 14th Judicial District Court of the Parish of Calcasieu, State of Louisiana. In this judgment the automobile was incorrectly described as bearing Motor No. 6–26378.

■ The trial court properly ruled that the note, mortgage and judgment held by Plauche-Locke Securities, Inc., each containing a wrong description of the automobile, could not affect the rights of third parties dealing with Miller with reference to that automobile. Plauche-Locke Securities, Inc., have not appealed from that ruling, however, Jack Shemaria has purchased this judgment and he is an appellee herein. We do not think Shemaria has strengthened his position any by the purchase of this judgment.

The court also held that R. N. Weir did not have any lien upon this automobile, due to his failure to comply with the Certificate of Title Act, Art. 1436—1, §§ 30, 42–46, Vernon's Ann.Penal Stats., and Weir has not appealed from that ruling.

We are of the opinion that the trial court erred in awarding the title and possession of the automobile to Jack Shemaria, doing business as New Yorker Auto Sales Company, and that it should have been awarded to George A. Manning. Manning's dealings with Miller were prior in point of time. Neither Manning nor Shemaria complied fully with the requirements of the Certificate of Title Act, Art. 1436—1, §§ 26–30, Vernon's Ann.Pen. Stats., which read as follows:

"Sec. 26. The term 'Designated Agent' means each County Tax Collector in this State who may perform his duties under this Act through any regular deputy.

"Sec. 27. Before selling or disposing of any motor vehicle required to be registered or licensed in this State on any highway or public place within this State, except with dealer's metal or cardboard license number thereto attached as now provided by law, the owner shall make application to the designated agent in the county of his domicile upon form to be

prescribed by the Department for a certificate of title for such motor vehicle.

"Sec. 28. No designated agent shall issue a receipt for an application for certificate of title to any new motor vehicle the subject matter of the first sale unless the applicant shall deliver to such agent a manufacturer's certificate properly assigned by the manufacturer, distributor, or dealer shown thereon to be the last transferee to the applicant upon form to be prescribed by the Department.

"Sec. 29. No such designated agent shall issue a receipt for a certificate of title to any used motor vehicle imported into this State for the purpose of sale within this State without delivery to him by the applicant of an importer's certificate properly assigned by the importer upon form to be prescribed by the Department.

"Sec. 30. Before any motor vehicle brought into this State by any person, other than a manufacturer or importer, and which is required to be registered or licensed within this State, can be bargained, sold, transferred, or delivered with intent to pass any interest therein or encumber by any lien, application on form to be prescribed by the Department must be made to the designated agent of the county wherein the transaction is to take place for a certificate of title, and no such designated agent shall issue a receipt until and unless the applicant shall deliver to him such evidence of title as shall satisfy the designated agent that the applicant is the owner of such motor vehicle, and that the same is free of liens except such as may be disclosed on an affidavit in form to be prescribed by the Department."

█ The law not having been complied with, no transfer of the legal title of the automobile was made either to Manning or Shemaria. Art. 1436—1, § 53, Vernon's Ann.Pen.Stats. However, we have concluded that when John Miller sold the automobile to Manning and delivered to him possession thereof and received the full consideration therefor, as between the two, Manning became entitled to the possession of such automobile, and when Miller thereafter took it without the consent of Manning the automobile became a stolen automobile. The fact that Miller stole his own automobile does not prevent this automobile from being a stolen one. Art. 1416, Subd. 4, Vernon's P.C., provides that one may be guilty of stealing his own property where the person so deprived of possession is, at the time of the taking, lawfully entitled to the possession thereof as against the true owner. Art. 1436—1, § 14, provides, "The terms 'Stolen' and 'Converted' mean the same as defined in the Penal Code." Certainly, after Miller had delivered possession of the automobile to Manning and had been paid in full the amount of the purchase price, Manning became lawfully entitled to the possession of the car as against Miller, even though the legal title had not passed, due to the failure to comply with the provisions of the Certificate of Title Act, Art. 1436—1. When, thereafter, Jack Shemaria attempted to purchase this automobile from Miller he was attempting to purchase a stolen automobile and thereby acquired no title thereto. In McKinney v. Croan, 188 S.W.2d 144, 146, Chief Justice Alexander, in speaking for the Supreme Court said: "It appears to be a settled rule that a purchaser of property from one who has acquired possession thereof by theft, acquires no title thereto."

Furthermore, Jack Shemaria did not comply with the Certificate of Title Act because, first, Miller had not applied for a certificate of title, as required by the Certificate of Title Act, Art. 1436—1, § 30, and, second, he did not obtain a transfer of a certificate of title, as required by Section 33. See also Section 53.

█ Regardless of what has been said above, Manning is now and was at the time of the trial the holder of a certificate of title issued to him by the State Highway Department, and no other party to this suit has shown a better title to this automobile. It was unquestionably the intention of the Legislature, by the enactment of Art. 1436—1, and especially §§ 33, 37, 42–46, and 51–53, to make a Certificate of Title issued by the State Highway Department the primary and controlling evidence of title after an automobile has been

168

sold for the first time. Elder Chevrolet Co. v. Bailey County Motor Co., Tex.Com. App., 151 S.W.2d 938.

The judgment of the trial court will be reversed, in so far as it awards title and possession of the automobile herein involved to Jack Shemaria, doing business as New Yorker Auto Sales Company, together with attorney's fees and costs, and the judgment will be reformed so as to award to George A. Manning, doing business as Manning Sales Company, the title and possession of the 1946 Oldsmobile Coach, Motor No. 6–2637H, Louisiana No. 227562, 1946 Texas License No. DX 4365, together with judgment for all costs by him in this behalf expended, either in this Court or the court below, and the judgment as thus reformed will be in all things affirmed.

Reversed in part and reformed and as reformed affirmed.