**JETER v. RADCLIFF FINANCE
CORP. et al.**

No. 12313.

Court of Civil Appeals of Texas. Galveston.
Feb. 14, 1952.

Rehearing Denied March 27, 1952.

Dan Brown, of Houston, for appellant.

H. A. Crawford, of Huston for appellee Radcliff Finance Corp.

Hirsch & Westheimer, of Houston, for appellee L. M. Clements.

GRAVES, Justice.

This appeal by Elton E. Jeter, as appellant, against L. M. Clements, an individual person, and Radcliff Finance Corporation, a private corporation, as appellees, is from a judgment of the 55th District Court of Harris County sitting without a jury, fore-closing an alleged lien in favor of the finance corporation against appellant, who claimed to be the owner of a 1949 Chevrolet automobile he had bought on October 9 of that year from one Jack DeWitt, to whom he had exchanged in part payment therefor a 1946 Chevrolet automobile, and in favor of appellee, L. M. Clements, against the appellant, for the title to such 1946 car so traded in by the appellant to Jack DeWitt, provided Clements paid appellant $71.-67 due appellant thereon. In other words, there were two Chevrolet automobiles involved in the litigation between the three parties to the judgment, so determined by the trial court; on October 9, of 1949, appellant Jeter traded in a 1946 model Chevrolet he then owned on the purchase of a new 1949 Chevrolet from Jack DeWitt, for $1,995, less $995 as the trade-in value for the 1946 model.

It is thought the further controlling facts, for the purposes of this appeal and this opinion thereon, may be thus quoted from the appellant's brief, which appears to this Court to correctly state them:

"On May 1, 1949, the Taylor County Motor Company of Reynolds, Georgia sold a 1949 model Chevrolet automobile, the one involved in this suit, to Garland Byrd. This sale was made by the motor company to Byrd by invoice, and there was a notation on the invoice that there had been a lien to General Motors Acceptance Corporation for $1,487.35, with words on the invoice also showing that its lien had been paid. No other liens of any kind whatsoever ever appeared on this invoice thereafter. On September 27, 1949, Garland Byrd sold this automobile to Wood Bros. of Weatherford, Texas. On September 29, 1949, Wood Bros. sold this automobile to Jack DeWitt, * * * and thereafter on October 9, 1949, Jack DeWitt sold this car to Elton E. Jeter, * * *. There was no manufacturer's certificate issued on this automobile, and in the chain of title it was known, under Article 1436-1 of the Penal Code of Texas [Vernon's Ann.P.C. art. 1436-1], Certificate of Title Act, as a 'first sale.' There is nothing in the record to indicate that an 'importer's certificate' was ever executed by anyone or procured by anyone on this automobile. * * *

"On October 9, 1949, Elton E. Jeter purchased and took delivery of the automobile in question from Jack DeWitt, for an agreed price of $1,995.00. Jeter traded in a 1946 model Chevrolet for $995.00. * * *

"L. M. Clements purchased the automobile Jeter traded in from Jack DeWitt on October 26, 1949. At that time he did not demand a Certificate of Title but merely relied upon DeWitt's assurances that a good title would be forthcoming. * * *

"Radcliff Finance Corporation made a demand upon Jeter for the surrender of the 1949 model automobile, which was the security for their $1,900.00 loan to Jack DeWitt, or the payment of the indebtedness, which demand was refused by Jeter, and thereafter the Radcliff Finance Corporation filed" this "suit against Jack DeWitt for debt and foreclosure and against Elton E. Jeter for possession of the automobile.

"Appellant resisted said suit and here resists the same * * *," citing these authorities: "Motor Inv. Co. v. Knox City [141 Tex. 530], 174 S.W.2d 482; Manning v. Miller [Tex.Civ.App.], 206 S.W.2d 165; and Nicewarner v. Alston, [Tex.Civ.App.], 228 S.W.2d 872, N.R.E."

It seems, therefore, that there is but one question of law involved upon the appeal and that is whether or not the purchase by the appellant of the 1949 Chevrolet was a "first sale" thereof, as defined by Article 1436-1 of the Penal Code of Texas, particularly Sections 7 and 41 thereof, and the determinative fact about that matter appears, bindingly upon all three parties to the proceeding, and the trial court itself, to have been settled by express stipulation between the parties, with the court's approval, upon the trial. It was this:

"Mr. Brown: We further stipulate that there was no manufacturer's certificate issued to the automobile in question.

"The Court: You mean that there was none issued at all?

"Mr. Brown: No, sir. That Elton E. Jeter was in nowise a party to the note and chattel mortgage executed by Jack DeWitt, and that Wood Brothers and Jack DeWitt were, for all intents and purposes,

under the statute, dealers, and this automobile was in the chain of title known under Article 1436-1 of the Penal Code of Texas, known as the motor vehicle Certificate of Title Act, a first sale in Texas.

"Mr. Lay: The above stipulation relates only to the controversy regarding the title to the 1949 Chevrolet, Motor No. G.A.G.–20779."

Under these circumstances, there seems to be nothing left for decision, since the quoted stipulation was binding upon the parties thereto, upon the trial court, and this Court. See 39 Tex.Jur., p. 294, Stipulations, IV, pars. 15 and 16; and 50 Am. Jur., Stipulations, p. 610, par. 9.

It is further determined that the appellant's cross-action herein, which he plead alternatively against the appellee Clements, for recovery of the 1946 Chevrolet he had so traded in for the 1949 car, in event he did not recover the title to the latter, is disposed of adversely to him.

The trial court's judgment is reversed, and this Court's judgment rendered, vesting the title and the right of possession of the 1949 Chevrolet car in the appellant, free of claims of either of the appellees herein.

Reversed and rendered.