**W. A. LEWIS et ux., Appellants,**

**v.**

**Elvin L. MIDGETT et ux., Appellees.**

**No. 450.**

Court of Civil Appeals of Texas.

Tyler.

Dec. 4, 1969.

Rehearing Denied Dec. 31, 1969.

W. Ernest West, Canton Fisher, Mc-Laughlin & Harrison, Houston B. Harrison, Paris, for appellants.

L. F. Sanders, Canton, for appellees.

DUNAGAN, Chief Justice.

This is an action in trespass to try title. The appellees, Elvin L. Midgett and wife, Polly Midgett, brought suit in the District Court of Van Zandt County, Texas, against the appellants, W. A. Lewis and Wife, Lorine Lewis, for title and possession to a certain 50-acre tract of land situated in the W. H. Bruce Survey, Van Zandt County, Texas.

The appellants filed their answer in which they claimed title to 9.88 acres out of the 50-acre tract here in question. Title to the 9.88 acres only is the subject of the controversy in this case.

The 50 acres of land involved in this controversy were originally conveyed by I. C. Rhines et ux to Lorine Lewis on November 15, 1944, who at that time was married to W. A. Lewis. W. A. Lewis and wife, Lorine, by an easement contract dated September 8, 1948, conveyed to the Pure Oil Company (now Union Oil Company) the right to inundate and/or flood a portion of the 50-acre tract for the purpose of creating a reservoir to cause water therein to accumulate upon and inundate certain lands not to exceed 9.88 acres of the 50 acres here involved. Appellants reserved the right to use water from the lake for stock or any other legal purpose. The contract further provided that Pure might release their right any time by filing a quit-claim deed to these appellants.

Thereafter, on the 8th day of May, 1951, the appellants, W. A. Lewis and wife, Lorine Lewis, by warranty deed conveyed the 50-acre tract of land here in controversy to K. H. Walton and Charlotte Walton, which contained the following paragraph:

"There is EXCEPTED herefrom, however, and not conveyed hereby the 9.88 acres of land described in the instrument from W. A. Lewis and wife, Lorine Lewis, to The Pure Oil Company, dated September 8th 1948, recorded in Volume 375 pp 30 of the Deed Records of Van Zandt County, Texas."

On the 6th day of October, 1962, K. H. Walton and wife conveyed the same property to the appellees by warranty deed wherein it is stated:

"THERE IS EXCEPTED FROM THIS CONVEYANCE ALL OF THE OIL, GAS AND OTHER MINERALS NOT OWNED BY GRANTORS HEREIN.

"This conveyance is Subject to various conveyances, same being right-of-deeds, to The Pure Oil Company heretofore made by grantors herein and grantors' predecessors in title."

The case was tried before the court without a jury. The trial court in its judgment found and determined, among other things, that the law and facts were with the appellees, Elvin L. Midgett and wife, Polly Midgett, and that there were sufficient facts and proper facts to sustain the judgment, and the trial court then proceeded in its judgment, among other things, to recognize the right of the Pure --

Oil Company to use the south part of the property for inundation purposes. The judgment dismissed Union Oil Company of California (formerly Pure Oil Company) as a party to the lawsuit and awarded to appellees, Elvin L. Midgett and wife, Polly Midgett, title and possession of the entire 50-acre tract, including the 9.88 acres here involved. There were no formal, separately stated findings of fact or conclusions of law requested or filed. The case having been tried to the court without the aid of a jury, and there being no findings of fact or conclusions of law, we must view the testimony in the light most favorable to the appellees, and indulge every reasonable inference in support of the trial court's judgment. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114 (1950). In order to warrant a reversal in a nonjury case where, as in this case, the record contains a statement of facts but no findings of fact or conclusions of law, the appellants must show from the record that under no theory to be gathered therefrom was the court authorized to render the judgment and a judgment will be affirmed if the statement of facts supports it on any theory of the case. 3 Tex.Jur.2d 689, Sec. 438; Rosales v. Rosales, 377 S.W.2d 661 (Tex.Civ.App., Corpus Christi, 1964, n. w. h.).

The appellants by their sole point of error contend that the trial court erred in finding and decreeing that appellants did not legally except and reserve to themselves the said 9.88 acre tract in their conveyance of the 50-acre tract to the Waltons.

Appellees contended in the trial court and so contend here that the exception in the deed from the Lewises to the Waltons conveying the title to the 50 acres was void because the 9.88 acres mentioned in the Pure easement contract were not sufficiently described with such certainty as to satisfy the statute of frauds and the statute of conveyances.

The only description or identity of the 9.88 acre easement found in the contract dated September 8, 1948, from the Lewises to the Pure Oil Company is in the following language: "* * * has GRANTED, BARGAINED, SOLD AND CONVEYED and by these presents does GRANT, BARGAIN, SELL AND CONVEY unto grantee, its successors and assigns, the exclusive right and easement to inundate and/or flood, as a part of the above mentioned reservoir, not to exceed 9.88 acres of the above described tract or parcel of land. * * *" There is no other description of the premises, nor references for description in the written easement contract from the Lewises to Pure Oil Company other than above set out. The contract specifically states that "* * * it is recognized that the parties have not determined by actual ground survey the boundaries of the above mentioned reservoir insofar as it affects the above described tract or parcel of land. * * *"

Appellants, in attempting to present a sufficient description of the property to satisfy the statute of frauds and the statute of conveyances, in 1968 employed a surveyor who went upon the property and made a survey. As a result of this survey, he prepared a metes and bounds description of the 9.88 acres, along with a map identifying the 9.88 acres and locating it upon the ground.

The appellants rely upon the 1968 survey in connection with the easement contract to establish the identity of the 9.88 acres that was conveyed to the Pure Oil Company in the easement contract, which was executed some 20 years prior to the time of the survey, to defeat the statute of frauds.

In Matney v. Odom, 147 Tex. 26, 210 S. W.2d 980 (1948) the court had before it the question of the sufficiency of the description embodied in a written contract which granted an option to Matney to purchase a four-acre tract of land. In the Matney case, as was done in this case, about three years after the execution of the contract Odom employed a surveyor to establish and mark upon the ground the

west boundary line of the four acres so the land in question could be identified and located. As a result of the survey, a plat was made from which definite field notes could have been prepared showing the location of the land. It was urged that the description in the contract, aided by the plat, was sufficient to make said description a legal one.

In disposing of this question, the Supreme Court in the Matney case said:

"The rule is well established that for a contract to convey land to be sufficient under the statute of frauds, art. 3995, R. C.S., 'the description must be so definite and certain upon the face of the instrument itself, or in some other writing referred to, that the land can be identified with reasonable certainty.' * * *

*   *   *   *   *   *

"To locate the four acres with definiteness it is necessary first to fix the location of the piece of land of which it is a part, and then locate it (the four acres) by boundaries, or metes and bounds of some character 'out of' the east end. * * *

*   *   *   *   *   *

"* * * but it is one in which the parties have executed one written instrument embodying the contract and which must alone be looked to in determining whether the statute of frauds has been satisfied. The reasons why the plat and parol evidence are not admissible are clearly and succinctly expressed in Jones, Cyclopedia of Real Property Law, Vol. 1, p. 329 as follows: 'Since the description, or the key thereto, must be found in the language of the contract, the whole purpose of the statute of frauds would be frustrated if parol proof were admissible to supply a description of land which the parties have omitted from their writing. So, while a defect in description may be aided by the description shown on a map, in such case the map must be referred to in the contract, and it is not sufficient to show that the parties consulted a map at the time of their negotiations, since this would be an attempt to refer to the map by parol instead of by a contract recital, a reference which would not meet the requirement of the statute.' "

Applying the above rules of law, the metes and bounds description of the 9.88 acres, obtained by virtue of the survey and map of said tract in 1968 which was not referred to in the Pure easement, is of no avail to the appellants in the instant case.

The law is well settled in this state that "In so far as the description of the property is concerned the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty." Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150, 152 (1945). The written easement contract executed by the appellants to Pure on September 8, 1948, does not furnish within itself a description to the tract here in controversy or by reference to some other existing writing, the means or data by which the particular tract of land sought to be excepted may be identified with reasonable certainty.

It has been held by the Supreme Court of this state in Cockrell v. Texas Gulf Sulphur Company, 157 Tex. 10, 299 S.W.2d 672 (1956) that " * * * it is fundamental that a warranty deed will pass all of the estate owned by the grantor at the time of the conveyance unless there are reservations or exceptions which reduce the estate conveyed. * * *"

The exception in the warranty deed from the Lewises to the Waltons being void for lack of sufficient description to identify the property therein sought to be excepted with reasonable certainty, therefore, said deed passed title and interest in and to all of the tract of land described

therein owned by the grantors (the Lewises) at the time of the conveyance.

As we view the record in this case, we believe that the trial court rendered a correct judgment.

Judgment affirmed.