COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

HERITAGE RESOURCES, INC.,
)
 No. 08-01-00383-CV

)


 Appellant,
)
 Appeal from

)
 

v.
)
 109th District Court

)


MARGARET HUNT HILL, Individually, et al.,
)
 of Winkler County, Texas

)


 Appellees.
)
 (TC# 11,763-A)


O P I N I O N



 This is the second appeal in a dispute which has its genesis in the attempted removal of the
operator of a Joint Operating Agreement. The factual basis of the underlying suit, aptly described
as "marathon litigation," is thoroughly detailed in our original opinion and will not be repeated here. 
See Hill v. Heritage Resources, Inc., 964 S.W.2d 89, 107 (Tex.App.--El Paso 1997, pet. denied). 
Suffice it to say that our ultimate resolution of the damage award reduced Heritage's (1) recovery from
some $83 million to slightly more than $8 million. We reversed and remanded the award of nearly
$21 million in attorneys' fees because only the claim for declaratory judgment would support the
award and the fees attributable to the declaratory judgment action had not been properly segregated. 
On remand, Heritage sought fees totaling $5,965,536.66 based on its 29.5 percent contingency
contract with attorneys Stephen F. Malouf and Edward Wayne Malouf. This figure represents 29.5
percent of the original fee award. The trial court entered judgment awarding the Maloufs $25,000
in attorney's fees. This appeal follows. 

FACTUAL SUMMARY 


 The litigation between the parties spans three separate lawsuits in Winkler and Dallas
Counties. Heritage hired Gibson & Dunn to represent them in the initial proceedings in Winkler
County in December 1987. The firm withdrew from representation in July 1990 after Heritage
virtually became insolvent. Heritage was without representation from July 1990 until December
1991 because it did not have the financial resources available to retain counsel on a hourly basis. 
In December 1991, Stephen and Wayne Malouf were retained on a contingency fee basis. 

 Wayne Malouf offered to undertake this complex case for a retainer of $10,000 and he agreed
to work at a reduced billing rate of $50 for the first 200 hours expended. He testified that he and his
brother Stephen had spent approximately 4,150 hours through trial and that another 5,000 hours were
expended post-trial and on appeal. They had reviewed 250 boxes of documents from Gibson &
Dunn and received approximately 540 requests for production by the plaintiffs. Wayne further
opined that "within a few percentage points," 80 percent of the work performed was related to the
declaratory judgment action in the Winkler County case. Applying this percentage reduction to the
fees due under the contingency contract, the fee award would have totaled $4,743,600. No time
records were maintained by the attorneys, their legal assistants or staff for the 9,150 billable
hours claimed. Wayne made no attempt to segregate the time spent on the declaratory judgment
action vis-a-vis the fees related to the claims for breach of contract or fraud, nor did he distinguish
between the three pending lawsuits.

 Jack Tidwell testified as an expert witness for the Hunt/Hill parties concerning the usual and
customary fees and practices in West Texas. As a seasoned litigator with forty-four years'
experience, Tidwell expressed his belief that a time expenditure between 30 and 50 hours would be
reasonable and necessary for pursuing the declaratory judgment action, that a reasonable hourly fee
in Winkler County would be $150 to $200, and that anything in excess of 100 hours would be
unreasonable. From his review of the record, there was nothing to document the fee request or to
allocate the fees between the various lawsuits and theories of recovery.

 The trial court filed the following findings of fact and conclusions of law:

I.


findings of fact


 1. The attorneys representing Heritage are able and experienced lawyers.

 

 2. From the commencement of their appearance in this litigation through the date of
the original judgment in this case, Heritage's trial counsel maintained no records of
the time they expended in connection with this action.

 

 3. The amount of $25,000.00 is reasonable and necessary for attorney's fees for
securing a declaration that Heritage owned a sufficient interest in Sections 21 and 22,
Block C-23, PSL Survey, Winkler County, Texas, to serve as operator.

 

 4. Heritage waived the claim seeking to recover attorney's fees incurred by the
attorneys who represented Heritage in this action prior to the appearance of its trial
counsel.


II.



conclusions of law



 1. An award of fees to Heritage in the amount of $25,000.00 pursuant to
Tex.Civ.Prac.&Rem.Code § 37.009 is equitable and just.


 2. Heritage is entitled to attorney's fees of $25,000.00 pursuant to Tex.Civ.Prac.&
Rem.Code § 37.009.


 3. To the extent that any finding of fact may be more properly described as a
conclusion of law and that any conclusion of law may be more properly described as
a finding of fact, it is deemed to be so described.

 

 Heritage brings two related issues for review. In Point of Error No. One, it contends that the
trial court abused its discretion in awarding only $25,000 in attorneys' fees because the award is
arbitrary and unreasonable and bears no relation to the total amount recovered. In Point of Error No. 
Two, it complains that the trial court abused its discretion in awarding only $25,000 in attorneys'
fees because the award was arbitrary and unreasonable and the court acted without reference to
guiding rules and principles. It suggests that "the absolute minimum" fee should have been
$913,000 (4150 hours X 80% X $275 = $913,000). This calculation is based upon an hourly fee
rather than the contingency contract.

 Heritage does not specifically challenge the trial court's findings of fact, nor does it argue
that the award is against the great weight and preponderance of the evidence. Consequently, we must
first address whether error has been preserved.

STANDARD OF REVIEW


 The Texas Uniform Declaratory Judgment Act provides that "[i]n any proceeding under this
chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and
just." Tex.Civ.Prac.&Rem.Code Ann. § 37.009 (Vernon 1997). The Act does not require an
award of attorney's fees to the prevailing party. Bocquet v. Herring, 972 S.W.2d 19, 20 (Tex. 1998);
Barshop v. Medina County Underground Water Conservation Dist., 925 S.W.2d 618, 637 (Tex.
1996); Abraxas Petroleum Corp. v. Hornburg, 20 S.W.3d 741, 762 (Tex.App.--El Paso 2000, no
pet.). Instead, it affords the trial court a measure of discretion in deciding whether to award
attorney's fees. Commissioners Court of Titus County v. Agan, 940 S.W.2d 77, 81 (Tex. 1997). In
reviewing a fee award under the Act, we must determine whether the trial court abused its discretion
by awarding fees when there was insufficient evidence that the fees were reasonable and necessary,
or when the award was inequitable or unjust. Bocquet, 972 S.W.2d at 21; Abraxas, 20 S.W.3d at
762-63. Simply stated, there are four limitations imposed on the court's discretion: the fees awarded
must be reasonable and necessary, which are matters of fact, and they must be equitable and just,
which are matters of law. Bocquet, 972 S.W.2d at 21; Abraxas, 20 S.W.3d at 762. The mere fact
that a trial judge may decide a matter within his discretionary authority in a different manner than
an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has
occurred. Southwestern Bell Telephone Co. v. Johnson, 389 S.W.2d 645, 648 (Tex. 1965); Jones
v. Strayhorn, 159 Tex. 421, 321 S.W.2d 290, 295 (1959); Norris v. Norris, 56 S.W.3d 333, 337
(Tex.App.--El Paso 2001, no pet.). Because the grant or denial of attorney's fees is within the sound
discretion of the trial court, its judgment will not be disturbed on appeal absent a clear showing that
it abused its discretion. Oake v. Collin County, 692 S.W.2d 454, 455 (Tex. 1985). A trial court
abuses its discretion if its decision is arbitrary, unreasonable, or if the court acted without reference
to guiding legal rules and principles. Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997); Worford
v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990); Abraxas, 20 S.W.3d at 762. 

 We are aware of opinions from our sister courts holding that when the trial court's ruling on
the merits is reviewed under an abuse of discretion standard, the normal sufficiency of the evidence
review is part of the abuse of discretion review and not an independent ground for reversal. 
Crawford v. Hope, 898 S.W.2d 937, 940-41 (Tex.App.--Amarillo 1995, writ denied)(when standard
of review is abuse of discretion, factual, and legal sufficiency are not independent grounds of error); 
accord, Thomas v. Thomas, 895 S.W.2d 895, 898 (Tex.App.--Waco 1995, writ denied); Matter of
Marriage of Driver, 895 S.W.2d 875, 877 (Tex.App.--Texarkana 1995, no writ); Wood v. O'Donnell,
894 S.W.2d 555, 556 (Tex.App.--Fort Worth 1995, no writ); In the Interest of Pecht, 874 S.W.2d
797, 800 (Tex.App.--Texarkana 1994, no writ); but see Matthiessen v. Schaefer, 897 S.W.2d 825,
828 (Tex.App.--San Antonio 1994)(Duncan, J., dissenting)(appellate court should review award of
attorney's fees by normal sufficiency of evidence standard, and not subsume sufficiency of evidence
into abuse of discretion standard), rev'd on other grounds, 915 S.W.2d 479 (Tex. 1995). We have
disagreed with them and approached it differently. In Lindsey v. Lindsey, 965 S.W.2d 589
(Tex.App.--El Paso 1998, no pet.), we adopted a two pronged inquiry: (1) Did the trial court have
sufficient information upon which to exercise its discretion; and (2) Did the trial court err in its
application of discretion? Id. at 592. The traditional sufficiency review comes into play with regard
to the first question; however, our inquiry cannot stop there. We must proceed to determine whether,
based on the elicited evidence, the trial court made a reasonable decision. Stated inversely, we must
conclude that the trial court's decision was neither arbitrary nor unreasonable. We specifically noted
that Mr. Lindsey had appropriately raised both prongs of this inquiry by designated points of error. 
Id. at 593. We cannot say the same here.

EFFECT OF TRIAL COURT'S FINDINGS


 Hunt/Hill argues that because Heritage does not challenge, nor even mention in their initial
briefing, the trial court's findings of fact, those findings are binding upon us. In responsive briefing,
Heritage contends it has appropriately challenged the trial court's finding pursuant to the Supreme
Court's directive in Bocquet and our directives in Lindsey. We disagree. In both Bocquet and
Lindsey, the appellant assigned error challenging the specific fact finding and complaining that the
finding was not supported by factually or legally sufficient evidence. Bocquet, 972 S.W.2d at 20;
Lindsey, 965 S.W.2d at 593. Heritage has failed to do either.

 Unless the trial court's findings of fact are challenged by point of error in the brief, the
findings are binding on the appellate court. S&A Restaurant Corp. v. Leal, 883 S.W.2d 221, 225
(Tex.App.--San Antonio 1994), rev'd on other grounds, 892 S.W.2d 855 (Tex. 1995)(per curiam);
Wade v. Anderson, 602 S.W.2d 347, 349 (Tex.Civ.App.--Beaumont 1980, writ ref'd n.r.e.). See 6
McDonald, Texas Civil Appellate Practice § 18:12 n.132 (1998). Findings of fact are the
equivalent of a jury answer and should be attacked on the basis of legal or factual sufficiency of the
evidence. Associated Telephone Directory Publishers, Inc. v. Five D's Publishing Co., Inc., 849
S.W.2d 894, 897 (Tex.App.--Austin 1993, no writ); Lorensen v. Weaber, 840 S.W.2d 644
(Tex.App.--Dallas 1992), rev'd on other grounds sub nom., Russell v. Russell, 865 S.W.2d 929 (Tex.
1993); Exxon Corp. v. Tidwell, 816 S.W.2d 455, 459 (Tex.App.--Dallas 1991, no writ); A-ABC
Appliance of Texas, Inc. v. Southwestern Bell Tel. Co., 670 S.W.2d 733, 736 (Tex.App.--Austin
1984, writ ref'd n.r.e.). Conclusions of law should be attacked on the ground that the law was
incorrectly applied.

 In its reply brief, Heritage has attempted to restate its points of error to avoid the preservation
issue. It has not sought and we have not granted leave to file an amended brief raising new points
of error not assigned in its original briefing. See Tex.R.App.P. 38.7. Generally, a party must seek
leave of court to file an amended or supplemental brief, and the appellate court has some discretion
in deciding whether to allow the filing. Standard Fruit and Vegetable Co., Inc. v. Johnson, 985
S.W.2d 62, 65 (Tex. 1998), citing Fredonia State Bank v. General Am. Life Ins. Co., 881 S.W.2d
279, 284-85 (Tex. 1994).

IS THE FEE AWARD REASONABLE AND NECESSARY?


 Nevertheless, given the history and complexity of this case, we will address the merits. 
Turning to the first prong of Lindsey, we must determine whether the trial court had sufficient
information upon which to exercise its discretion. As we have noted, this requires a traditional
sufficiency review. Because Heritage prays only for remand, its contentions raise a factual
sufficiency challenge. When a legal sufficiency point is sustained, it is our duty to reverse and
render. Vista Chevrolet, Inc. v. Lewis, 709 S.W.2d 176 (Tex. 1986); National Life and Accident
Insurance Co. v. Blagg, 438 S.W.2d 905, 909 (Tex. 1969). If an "insufficient evidence" point is
sustained on appeal, we must reverse and remand. Glover v. Texas General Indemnity Co., 619
S.W.2d 400, 401 (Tex. 1981). We have no jurisdiction to render based on a great weight and
preponderance of the evidence point. Wright Way Spraying Service v. Butler, 690 S.W.2d 897 (Tex.
1985).

 Where, as here, the appellant complains of a finding upon which it bore the burden of proof,
the proper factual sufficiency challenge is that the finding is so against the great weight and
preponderance of the evidence as to be manifestly wrong. Neily v. Aaron, 724 S.W.2d 908
(Tex.App.--Fort Worth 1987, no writ). The test for factual insufficiency points is set forth in ln re
King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951). In reviewing a point of error asserting that a
finding is against the great weight and preponderance of the evidence, we must consider all of the
evidence, both the evidence which tends to prove the existence of a vital fact as well as evidence
which tends to disprove its existence. If the finding is so contrary to the great weight and
preponderance of the evidence as to be manifestly unjust, the point should be sustained. This is true
even if the finding is supported by more than a scintilla of evidence and even though reasonable
minds might differ as to the conclusions to be drawn from the evidence.

 Turning to the record, it is clear that the purported segregation of time expended on the
breach of contract claims, the fraud claims, the declaratory judgment claims, and the tort claims are
all based on estimates rather than routine time sheets. Moreover, the Maloufs made no attempt to
allocate the time spent on behalf of Heritage versus the time devoted to the claims of Michael
Wisenbaker, Wise Oil Ventures, Crittendon Acquisition, and Chase Avenue Corporation. Nor did
they divide the fees among the three separate lawsuits. While Wayne's testimony would support a
much larger award, Tidwell's testimony on the other end of the spectrum supports the lesser fee. We
thus conclude that the trial court had sufficient information upon which to exercise its discretion. 
Because the fee award fell within the range of testimony offered by the experts, it is neither arbitrary
nor unreasonable. We cannot conclude that the trial court acted without reference to guiding rules
and principles when it apparently took to heart our statement that any fee recovery was limited to
those fees duly segregated and referable to the declaratory judgment action. Although in its reply
brief, Heritage complains that the trial court made no fact finding that it failed to properly segregate
the fees, Heritage made no request for additional or amended findings of fact. When a party fails
to timely request additional findings of fact and conclusions of law, it is deemed to have waived the
right to complain on appeal of the court's failure to enter additional findings. Briargrove Park
Property Owners, Inc. v. Riner, 867 S.W.2d 58, 62 (Tex.App.--Texarkana 1993, writ denied); Cities
Services Co. v. Ellison, 698 S.W.2d 387, 390 (Tex.App.--Houston [14th Dist.] 1985, writ ref'd
n.r.e.). Heritage also argues that since the trial court decided to enter a fee award, it must have
determined that they presented some evidence of segregation. This is not the only explanation
inasmuch as Tidwell testified to the number of hours necessary to pursue the declaratory judgment
relief and to a reasonable hourly fee.

 Finally, we agree with Heritage that a trial court should consider the factors contained within
the Disciplinary Rules of Professional Conduct in determining whether the fees were reasonable and
necessary. (2) Bocquet, 972 S.W.2d at 21-22, citing Tex.Disciplinary R. Prof. Conduct 1.04,
reprinted in Tex. Gov't Code, tit. 2, subtit. G app. (State Bar Rules, art. X, § 9). On this record,
we cannot determine that the court failed to do so. Heritage had the opportunity to request additional
findings of fact but did not take advantage of it. While Wayne offered testimony concerning these
factors, he nevertheless failed to segregate the fees. Fee segregation would directly relate to the first
prong of the rule which addresses the time and labor required.

 The finding that $25,000 is a reasonable and necessary fee is not against the great weight and
preponderance of the evidence. We turn now to whether it is equitable and just.

IS THE FEE AWARD EQUITABLE AND JUST?


 As we have noted, whether the fee award was reasonable and necessary is a question of fact
while the determination of whether the award is equitable and just is a question of law. A conclusion
of law can be attacked on the ground that the trial court did not properly apply the law to the facts. 
Foster v. Foster, 884 S.W.2d 497 (Tex.App.--Dallas 1993, no writ). However, erroneous
conclusions of law are not binding on the appellate court and if the controlling findings of fact will
support a correct legal theory, are supported by the evidence and are sufficient to support the
judgment, then the adoption of erroneous legal conclusions will not mandate reversal. Leon LTD
v. Albuquerque Commons Partnership, 862 S.W.2d 693 (Tex.App.--El Paso 1993, no writ); Westech
Engineering, Inc. v. Clearwater Constructors, Inc., 835 S.W.2d 190, 196 (Tex.App.--Austin 1992,
no writ); Bellaire Kirkpatrick Joint Venture v. Loots, 826 S.W.2d 205, 210 (Tex.App.--Fort Worth
1992, writ denied); Sears, Roebuck & Co. v. Nichols, 819 S.W.2d 900, 903 (Tex.App.--Houston
[14th Dist.] 1991, writ denied); Matter of Estate of Crawford, 795 S.W.2d 835, 838 (Tex.App.--
Amarillo 1990, no writ); Valencia v. Garza, 765 S.W.2d 893, 898 (Tex.App.--San Antonio 1989,
no writ). "If an appellate court determines a conclusion of law is erroneous, but the judgment
rendered was proper, the erroneous conclusion of law does not require reversal." Town of Sunnyvale
v. Mayhew, 905 S.W.2d 234, 243 (Tex.App.--Dallas 1994, no writ). The standard of review for legal
conclusions is whether they are correct, Zieben v. Platt, 786 S.W.2d 797, 801-02 (Tex.App.--Houston [14th Dist.] 1990, no writ), and they are reviewable de novo as a question of law. State v.
Evangelical Lutheran Good Samaritan Society, 981 S.W.2d 509, 511 (Tex.App.--Austin 1998, no
pet.); Nelkin v. Panzer, 833 S.W.2d 267, 268 (Tex.App.--Houston [1st Dist.] 1992, writ dism'd
w.o.j.). In other words, the appellate court must independently evaluate conclusions of law to
determine their correctness when they are attacked as a matter of law. 

 In reviewing a fee award under the Act, we must determine whether the award was
inequitable or unjust. Bocquet, 972 S.W.2d at 21. Conversely, in reviewing a trial court's decision
to not award fees, we must examine whether the complaining party established that the fees sought
were equitable and just. Abraxas, 20 S.W.3d at 763. Unreasonable fees cannot be awarded even if
the court believes them just, but the court may conclude that it is inequitable or unjust to award even
reasonable and necessary fees. Bocquet, 972 S.W.2d at 21. On this record, we cannot conclude the
fee award was inequitable or unjust.

CONCLUSION


 Because the fee award falls within the range of testimony, it is neither arbitrary nor
unreasonable. And because Heritage has not demonstrated that the trial court acted without regard
to guiding rules and principles, we find no abuse of discretion. While we may have awarded a larger
sum, we may not interfere with the trial court's exercise of its discretionary authority. For these
reasons, we overrule both points of error and affirm the judgment.



February 13, 2003 
 ANN CRAWFORD McCLURE, Justice


Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.


(Publish)
1. Heritage Resources, Inc. is the only Appellant in this second appeal. In our original opinion, the Heritage
group was comprised of Heritage Resources, Inc., Wise Oil Ventures, Michael B. Wisenbaker, Chase Avenue
Corporation, and Crittendon Acquisition Company and all parties were collectively referred to in that opinion as
"Heritage." This distinction will become relevant as we will detail. As for the Appellees, we have continued to refer
to them collectively as Hunt/Hill.
2. The enumerated factors include (1) the time and labor required, the novelty and difficulty of the questions
involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the
particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for
similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client
or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience,
reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent
on results obtained or uncertainty of collection before the legal services have been rendered.