In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00015-CV
______________________________


CHERYL A. BROWN, Appellant
 
V.
 
BOBBY JOHNSON AND CHRISTOPHER THOMAS, Appellees


                                              

On Appeal from the 125th Judicial District Court
Harris County, Texas
Trial Court No. 2003-34963


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            The promoter hoped that an African-American flavored Gospel and God-fearing musical
would be a wonderful way to reach the African-American community—and make a lot of money for
investors. The musical was written, was performed briefly in at least two other cities, and then a
promoter with little or no experience in musical production brought it to Houston.


 The promoter
was Wendell Jones (a defendant below), sole owner of and d/b/a Senoj Productions. Working with
or for him in the enterprise was Quintin Hollis (named vice-president of the one-man company)


 and
Cheryl A. Brown (a local attorney whose involvement was the subject of some disagreement before
the trial court). 
            The undisputed evidence shows that Brown made a PowerPoint presentation to Christopher
Thomas and Bobby Johnson, that she created the presentation and that she was one of several people
on hand when the potential investors viewed it and while they listened to radio commercials prepared
to advertise the production. Following the presentation, the production obtained investments from
Johnson of $60,000.00 and from Thomas of $42,500.00. The investors were told they could expect
to double their money in short order. Perhaps appropriately, from the investors' standpoint, the play
was titled: God Is Good All the Time. The investors' money was spent, but evidently not on the
actors. The musical ended when some of the actors left in mid-show because they had not been paid. 
Thus, instead of making the expected return from their investment, the investors lost everything they
invested.
The Underlying Proceedings
            The investors, Johnson and Thomas, sued Jones, Senoj Productions, and Brown. A trial was
held to the court, which rendered judgment for the plaintiffs. The judgment awarded:
            (1)       Thomas: $42,000.00 from Senoj and Jones, jointly and severally,
            (2)       Johnson: $60,000.00 from Senoj, Jones, and Brown, jointly and severally, and
            (3)       Thomas and Johnson: $15,360.00 from Senoj and Jones, for attorney's fees, and post-judgment interest and appellate attorney's fees.
The court further held that Jones, Brown, and Senoj take nothing on their counterclaims.
The First Question: Who is here on appeal?
            The defendants at trial were Jones, Brown, and Senoj Productions. Rule 25.1(c) explicitly
requires that any "party who seeks to alter the trial court's judgment . . . must file a notice of appeal." 
Tex. R. App. P. 25.1(c). The rule also provides that multiple parties may file a joint notice. Id.
            In this case, we have a notice of appeal and an amended notice of appeal. Both documents
were filed by counsel Michelle I. Taylor, giving notice of appeal from the judgment on behalf of
"Defendant Cheryl A. Brown." 
            There is no notice of appeal on behalf of Jones or Senoj Productions.



            As a result, neither Jones nor Senoj Productions is before this Court on appeal. We cannot
address the first or fourth contentions of error, which involve allegations of trial court error involving
Jones and Senoj Productions.


 We will, however, review any argument under those points that may
apply to Brown's appeal.
The Second Question: What is appealed? 
            In the findings of fact, the trial court found that Brown made eight false representations to
Johnson and failed to disclose three matters.


 In its conclusions of law, the trial court found that
Johnson was entitled to recover from Brown for negligent misrepresentation and breach of duties.


 
It appears that the judgment against Brown was based on a negligent misrepresentation theory. 
            Brown contends the judgment against her was improperly rendered because she personally
made no false representations in "the PowerPoint presentation" to Johnson and Thomas. The
contentions of error are directed at no particular single or group of the findings of fact entered by the
trial court, but argue globally (and without any reference to evidentiary sufficiency standards) that
the elements of common-law fraud were not proven and that Brown made no false representations. 
            Johnson and Thomas argue cogently that we should decline to address most of these issues
because Brown's briefing is so inadequate. We acknowledge that Brown's brief provides little to no
reference to the record and consistently fails to specify the nature of the review sought, beyond a
generic complaint that the evidence is insufficient. Johnson and Thomas complain, with
considerable justification, that they do not know what to respond to. They correctly point out that
counsel has specified no finding of fact or conclusion of law under attack and that this is inadequate
on its face. There are a number of cases stating generally that findings and conclusions must be
challenged specifically, and also that unchallenged findings and conclusions are absolutely binding
on appellate courts. Atascosa County Appraisal Dist. v. Tymrak, 815 S.W.2d 364, 367 (Tex.
App.—San Antonio 1991), aff'd, 858 S.W.2d 335 (Tex. 1993).
            For example, in Bransom v. Standard Hardware, Inc., 874 S.W.2d 919, 927 (Tex.
App.—Fort Worth 1994, writ denied), the point of error challenged no specific finding (in a nonjury
case), but merely said that the evidence was insufficient to support the damages awarded; the
appellate court said that no error was presented. Unchallenged findings of fact are binding on the
appellate court "unless the contrary is established as a matter of law, or if there is no evidence to
support the finding." McGalliard v. Kuhlmann, 722 S.W.2d 694, 696 (Tex. 1986); Thomas v.
Casale, 924 S.W.2d 433, 437 (Tex. App.—Fort Worth 1996, writ denied).
            It is clear that Brown's complaints involve the evidence. However, the lack of any attempt
to explain the type of analysis sought makes it difficult both for Johnson and Thomas and for the
Court to address whatever we might speculate the complaint to be. In this instance, we will address
the arguments raised—so far as we can fairly do so in light of the notice provided to Johnson and
Thomas about the content of those arguments. 
Negligent Misrepresentation of Material Facts
            It appears that Brown is complaining about conclusion of law 5, in which the trial court found
that she negligently misrepresented material facts about the play to Johnson to induce him to enter
into the agreement. In a properly analyzed argument, findings of fact are the equivalent of a jury
answer and should be attacked on the basis of legal or factual sufficiency of the evidence. 
Associated Tel. Directory Publishers, Inc. v. Five D's Publ'g Co., 849 S.W.2d 894, 897 (Tex.
App.—Austin 1993, no writ) (citing Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex.
1991)). Conclusions of law should be attacked on the ground that the law was incorrectly applied. 
Heritage Res., Inc. v. Hill, 104 S.W.3d 612, 619 (Tex. App.—El Paso 2003, no pet.).
            Brown was found liable only for damages to Johnson, so we can properly limit our review
to anything involving the award to him. Brown has failed to support the overwhelming majority of
the factual statements contained in her brief with specific references to the record. See Tex. R. App.
P. 38.1(f), (h). This Court is not required to search the entire record for evidence supporting her
claims, and we will not do so. Henriquez v. Cemex Mgmt., Inc., 177 S.W.3d 241, 245 n.4 (Tex.
App.—Houston [1st Dist.] 2005, pet. denied); see Tex. R. App. P. 38.1(f), (h).
            An appellant may not challenge a trial court's conclusions of law for factual insufficiency; 
however, the reviewing court may review the trial court's legal conclusions drawn from the facts to
determine their correctness. BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex.
2002); Templeton v. Dreiss, 961 S.W.2d 645, 656 n.8 (Tex. App.—San Antonio 1998, pet. denied).
            Brown argues the trial court could not have properly found that she negligently
misrepresented material facts. Brown first argues she made no representations because she only ran
the PowerPoint projector—or perhaps because she only used other people's information when she
prepared the slide presentation. With no citation to the record, we cannot truly determine what
evidence on which Brown relies in making this assertion.
            However, there is evidence that Brown prepared the materials presented to Johnson,
including the presentation describing the nature of the musical, the cast members, the way in which
it was designed to reach the community, the financial projections, and the "synopsis" with past ticket
sales information. There was testimony indicating that Brown was represented to be legal counsel
for the company, as well as assisting in the production. There was evidence that she did not tell
Johnson she had invested in a previous production of the play—and had not been repaid, or that the
estimated cost of production was nearly twice the amount sought from these investors, or that the
talent agent was already complaining of their failure to pay deposits for the actors. In short, there
is considerable evidence which, if believed by the fact-finder, indicates that Brown did far more than
mere clerical work. 
            Brown also argues that the representations she made could not have been material because
Johnson did not immediately decide to invest—he delayed a few days before deciding. This
argument is not persuasive. Johnson's delay does not alleviate any damage that might occur as a
result of representations made two days earlier. Brown has directed us to no authority providing that
the harm must follow immediately after the representations are made, and we are aware of none. The
representations were necessarily material: the entire purpose of them was to persuade Johnson to
invest money so that the show would materialize. Almost by definition, such a solicitation will be
material to the decision-making process of the learned investor.
            Brown next argues that none of the representations or statements were false. However, as
we previously stated, the trial court made a number of findings of fact that various statements were
false. Brown attacks no particular finding, and as set out above, there was evidence showing that
some of the representations were false. 
            Brown further alleges the evidence shows that the information she communicated was true
to the best of her knowledge or belief, again, without any specific reference to any finding of fact. 
Analyzing her contention as broadly as she has presented it, there was evidence before the fact-finder
that Brown had an expectation that a part of her own lost investment from previous productions of
the play would be recovered from the Houston production. The trial court found that Brown
represented that she was legal counsel for Senoj Productions, which was false. There is no evidence
she attempted to check or verify any of the information presented. The broad-brushed argument that
no falsity existed because the play had, at least, been presented before in other cities (even if
conclusively proven) does not negate the findings, supported by evidence, that Brown falsely
represented material facts to Johnson. 
            Brown does not believe that the evidence shows that Johnson relied on her representations. 
She points out there is evidence that Johnson did not immediately agree to invest after the
presentation and that he also talked to Hollis later, and then decided to invest. The fact-finder could
have disbelieved this argument, based on the presentation, Brown's involvement, and Johnson's
investment based on the combined conversations with the various parties. There is evidence from
which reliance could be gleaned.
            Brown claims Johnson did not prove that her presentation caused his injury. The ultimate
injury was the entire loss of his investment. Again, Brown references no finding of fact, and as
pointed out several times above, there is evidence that she was involved in the presentation, that she
was involved in the promotion of the production, and that it was within the scope of the evidence
as believed by the fact-finder to conclude that her actions were a cause of injury to Johnson.
            Brown asserts that, under common-law negligence, she complied with her duty to use
ordinary care in making representations about the play. There are two conclusions of law that are
relevant. In conclusion of law 19, the court concluded Johnson was entitled to recover from Brown
"for negligent misrepresentation and breach of duties." In conclusion of law 2, the trial court found
that the defendants had a duty to avoid misrepresentations, disclose material risks, and to exercise
reasonable care in obtaining and communicating material information about the risks. The trial court
did not base its judgment on common-law negligence, but it was for negligent misrepresentation. 
That theory has specific elements,


 none of which were specifically addressed by Brown in her brief. 
Brown's "ordinary care" argument does not address the specific elements of the negligent
misrepresentation theory.
            We affirm the judgment.
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          April 20, 2006
Date Decided:             May 4, 2006