COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



DEBRA WARNER ANGELL, JENNIFER
ANGELL MCKEE, JEANNE WARNER
CLARK, HOPE CLARK FONTANES,
JESSE BEALL CLARK, JR., JEANNE
CLAUDIA CLARK STEWART, BRET
WARNER CLARK, FRANK D. NORRIS,
JOE WARNER NORRIS, NANCY
NORRIS HARRIS, AND NORMA
NORRIS GIST,


 Appellants,


v.



S.A. BAILEY, JACK ELLISON, THEIR
UNKNOWN HEIRS, AND TOM
NANCE, IN HIS CAPACITY AS
RECEIVER,


 Appellees.
§


 


§


 


§


 


§


 


§


 


 §

 

§


§


§


§


§





No. 08-05-00404-CV
 


Appeal from the


143rd District Court 


of Reeves County, Texas 


(TC# 04-07-18009-CVR)



O P I N I O N


 This appeal arises from a suit to remove a cloud on the title of real property located in Reeves
County, Texas. Following a bench trial, the court ruled in favor of Appellees, the heirs of S.A.
Bailey and Jack Ellison. Appellants, led by Debra Warner Angell, appeal. (1) For the reasons that
follow, we reverse and render in part, affirm, as modified, in part, and remand to the trial court.

FACTUAL AND PROCEDURAL BACKGROUND

 In 1936, D.M. Warner and his wife Mary Warner conveyed 299.51 acres to their son E.D.
Warner (the "E.D. Warner deed"). The description of the conveyance was as follows:

 [A]ll that certain lot, tract, piece or parcel of land lying and being situated in Reeves
County, State of Texas, and more particularly described as follows, to-wit:


 Being the North one-half of Section No. 9, Block C, 20, Reeves County Public
School Land, containing 320 acres; save and except, however, the following
described tracts of land which have heretofore been sold and conveyed to the
following named parties, to wit:


 2.49 acres out of the Southwest 40 acres of said above described Section which was
sold to the State of Texas for Highway purposes;


 10 acres conveyed to Jack Ellison; 2 acres conveyed to Lawrence Martin; 2 acres sold
to S.A. Bailey; 2 acres sold to Norman Ellison and 2 acres sold to Mr. Anderson, all
of said last mentioned 18 acres being out of the Southeast forty acres of said above
mentioned section; making a total of 299.51 acres hereby conveyed.


 Appellant Angell (2) is E.D. Warner's granddaughter and one of his successors in interest of
the Reeves County property. Appellees are the unknown heirs and successors in interest to Bailey
and Jack Ellison. (3) Although the deed records in Reeves County contain records of the Martin,
Norman Ellison, C.D. Anderson, (4) and State conveyances, there are no recorded deeds for the
remaining ten acres purportedly "conveyed" to Jack Ellison or the two acres purportedly "sold" to
Bailey. Neither Bailey nor Jack Ellison has ever made any use of the property. Despite a diligent
search, no record of Bailey, Jack Ellison, or their successors in interest has been located in the
Reeves County records. E.D. Warner's decedents have leased the property for mineral exploration
for many years and have paid taxes on up to 308 acres of the described property for some time. (5)

 Angell brought this suit in Reeves County to remove a cloud on the property's title created
by the unrecorded Jack Ellison and Bailey interests. (6) Following a bench trial, the court below ruled
in favor of Bailey and Jack Ellison. The trial court determined that the deed was unambiguous and
ruled that the Jack Ellison and Bailey exceptions created a co-tenancy between them and the parties
to this appeal. The court also determined that Angell was estopped to deny the titles of Jack Ellison
and Bailey, respectively, in the twelve acres at issue.

 In her sole issue for review, Angell asks this Court to determine the effect of the Jack Ellison
and Bailey exceptions in the E.D. Warner deed. Angell contends that the exceptions are void for
lack of a sufficient description and that the twelve acres therefore passed to E.D. Warner. She argues
first that the trial court erred by concluding that the exceptions were sufficiently described and that
they created a co-tenancy between the parties to this appeal. Second, she argues that the trial court
erred in applying the doctrine of estoppel by deed.

DISCUSSION

 As the trial court construed the deed, it concluded that the exceptions were sufficiently
described and are therefore valid, resulting in a co-tenancy among Appellants, Bailey, and Jack
Ellison, as well as Martin, Norman Ellison, and Anderson. Angell argues that the exceptions cannot
be the source of any interest for Jack Ellison and/or Bailey, because they are not sufficiently
described in the deed.

 The construction of an unambiguous written instrument is a question of law, which is
reviewed de novo. MCI Telecomms. Corp. v. Tex. Utils. Elect. Co., 995 S.W.2d 647, 650-51 (Tex.
1999). In a de novo review, erroneous conclusions of law are not binding on an appellate court. 
Heritage Resources, Inc. v. Hill, 104 S.W.3d 612, 621 (Tex. App.--El Paso 2003, no pet.). If a
reviewing court determines that the judgment rendered was proper, despite an erroneous conclusion
of law, the error does not require reversal. Id.

 A court's primary goal when construing a deed is to determine the intent of the parties, as
expressed in the document. Lane Bank Equip. Co. v. Smith S. Equip., 10 S.W.3d 308, 321 (Tex. 
2000); Concord Oil Co. v. Pennzoil Exploration & Prod. Co., 966 S.W.2d 451, 465 (Tex. 1998). 
With some exceptions not relevant here, we determine the parties' intent from the language of the
instrument. See Luckel v. White, 819 S.W.2d 459, 461-62 (Tex. 1991) (the "four corners" rule
requires a court to determine the parties' intent from the language of the deed); see also CenterPoint
Energy Houston Elec., L.L.P. v. Old TJC Co., 177 S.W.3d 425, 430 (Tex. App.--Houston [1st Dist.] 

2005, pet. denied) (extrinsic evidence of the parties' intent is admissible only when an ambiguity is
apparent on the face of the deed, in a suit for reformation, or when a party alleges fraud, accident,
or mistake). In our construction, we must attempt to harmonize and give effect to all of the
instrument's provisions, so that none will be rendered meaningless. Forbau v. Aetna Life Ins. Co.,
876 S.W.2d 132, 133-34 (Tex. 1994).

 Initially, we note our agreement with the trial court's interpretation of the Warner deed, to
the extent that it held that the reference to "the above described Section" within the third and forth
paragraphs, as quoted above, necessarily refers only to the North half of Section No. 9, Block C, 20,
Reeves County Public School Land. It is also clear from the four corners of the Warner deed that
the Bailey and Jack Ellison exceptions are located within the "southeastern-most" forty acres of the
North half of Section No. 9, Block C, 20. There is no evidence of a controversy over the title to the
other 7/8ths (forty acres being 1/8th of one-half of a Section) of the North half. (7) Therefore, with the
exception of the southeastern-most forty acres (8) and the 2.49-acre conveyance to the State (which is
not in dispute), the cloud on Angell's title can and should be removed. To the extent that the trial
court's denial of any relief to Angell leaves a cloud on her title to the tracts described in the
footnote, (9) we will reverse the decision of the trial court and render judgment in favor of Angell.

 The interests of Martin, Norman Ellison, and Anderson are likewise clear. The deed records
of Reeves County which are contained in the record before this Court reflect that each of these three
2-acre "tracts" actually consists of a one-fifth (20%) undivided interest in the southeastern-most 10-acre parcel of the property covered by the E.D. Warner deed. (10) Collectively, therefore, they own an
undivided three-fifths (60%) of that parcel. The ownership of the remaining, undivided, two-fifths
(40%) of that parcel, plus the remaining 30 acres of the property covered by the E.D. Warner deed,
is less clear.

 The references to the Jack Ellison and Bailey interests are said to be "exceptions" to the E.D.
Warner conveyance. An exception is a "mere exclusion from a grant of some interest which may
be vested in the grantor or outstanding in another." Fuentes v. Hirsch, 472 S.W.2d 288, 293 (Tex.
Civ. App.--El Paso 1971, writ ref'd n.r.e.). An interest excepted from a grant is excluded from the
conveyance, so it does not pass to the grantee. (11) Scholz v. Heath, 642 S.W.2d 554, 557 (Tex. App.--Waco 1982, no writ).

 Conversely, a reservation or exception in favor of a stranger to a deed does not convey any
title to such stranger. Jackson v. McKenney, 602 S.W.2d 124, 126 (Tex. Civ. App.--Eastland 1980,
writ ref'd n.r.e.). By the same token, strangers to the deed have no right to establish title by recitals
in such deed. (12) Canter v. Lindsey, 575 S.W.2d 331, 335 (Tex. Civ. App.--El Paso 1978, writ ref'd
n.r.e.); Little v. Linder, 651 S.W.2d 895, 900-01 (Tex. App.--Tyler 1983, writ ref'd n.r.e.).

 Applying the law of conveyances, the trial court determined that the references to Jack
Ellison and Bailey created a co-tenancy with Appellants. It is well established that the conveyance
of an undivided interest in a certain number of acres out of a larger tract does create a co-tenancy
among the title holders. In such a case, the co-tenants' respective interests are measured as fractional
interests, the numerator being the number of acres owned and the denominator being the total
number of acres in the larger tract. See Williams v. Kirby Lumber Corp., 355 S.W.2d 761, 763-64
(Tex. Civ. App.--Beaumont 1962, writ ref'd n.r.e.) (citing Turner v. Hunt, 131 Tex. 492, 116 S.W.2d
688, 690 (Tex. 1938), and House v. Humble Oil & Ref. Co., 97 S.W.2d 314, 318 (Tex. Civ. App.--Beaumont 1936, writ ref'd)).

 We believe that the trial court's reasoning on this point is in error, because the plain language
of the deed (quoted above) states that the twelve acres at issue were excepted from the conveyance. 
As noted above, it is clear that D.M. Warner et ux. did not intend to convey anything to Jack Ellison
or Bailey by this instrument. (13) The use of the phrase "subject to" indicates the grantors' intent to
exclude the Jack Ellison and Bailey interests from the conveyance. The language creates exceptions
in favor of Jack Ellison and Bailey and therefore conveyed no interest. See Lindsey, 575 S.W.2d at
335. As no interest was conveyed to Jack Ellison or Bailey, there is no co-tenancy of undivided
interests within the four corners of this deed.

 Angell argues that the exceptions themselves cannot be effective, because they lack a
description sufficient to identify what acres had been transferred to Jack Ellison and Bailey. She
concludes that, because the exceptions are ineffective, the acres were conveyed to E.D. Warner along
with the larger tract.

 We agree that, for a clause in a deed to operate as exception, it must identify, with reasonable
certainty, the property to be excepted from the larger conveyance. Fuentes, 472 S.W.2d at 293
(citing Lewis v. Midgett, 448 S.W.2d 548 (Tex. Civ. App.--Tyler 1969, no writ)). Where the subject
of the conveyance is sufficiently described, but the excepted portion is not identifiable, the exception
fails, rather than the grant, because the uncertainty goes to the exception only. State v. Dunn, 574
S.W.2d 821, 824 (Tex. Civ. App.--Amarillo 1978, writ ref'd n.r.e.) (citing Fuentes, 472 S.W.2d at
293). Therefore, if the portion excepted is not specifically described, the deed will operate to convey
the whole tract, including that which was intended as an exception. Fuentes, 472 S.W.2d at 293
(citing De Roach v. Clardy, 52 Tex. Civ. App. 233, 113 S.W. 22 (Tex. Civ. App. 1908, writ ref'd),
and Waterhouse v. Gallup, 178 S.W. 773 (Tex. Civ. App.--Galveston 1915, writ ref'd)).

 In our opinion, however, Angell's reliance upon Fuentes and Dunn is inapposite, because we
believe that the language of the deed, to wit, "except . . . the following described tracts of land which
have heretofore been sold and conveyed to . . . 10 acres conveyed to Jack Ellison; . . . 2 acres sold
to S.A. Bailey . . . all of said last mentioned . . . acres being out of the Southeast forty acres of said
above mentioned [parcel] . . ." (emphasis supplied) does sufficiently describe the excepted interests;
they are two tracts previously conveyed by the grantors to Jack Ellison and Bailey, respectively. (14) 
This dispute has arisen, not because of any imprecision in the grantors' exception language, but
because Jack Ellison and Bailey never recorded their deeds. (15)

 While the exceptions listed in the E.D. Warner deed did not create (or convey) any interest
in the property which Bailey and/or Jack Ellison did not already possess, the exceptions are still
effective to prevent Angell from denying their existence. (16) "Estoppel by deed stands for the general
proposition that 'all parties to a deed are bound by the recitals therein, which operate as an estoppel,
working on the interest in the land if it be a deed of conveyance, and binding both parties and privies;
privies in blood, privies in estate, and privies in law.'" Freeman v. Stephens Prod. Co., 171 S.W.3d
651, 654 (Tex. App.--Corpus Christi 2005, pet. denied) (citing Sauceda v. Kerlin, 164 S.W.3d 892,
915 (Tex. App.--Corpus Christi 2005, pet. granted, judgm't vacated) (quoting Wallace v. Pruitt, 1
Tex. Civ. App. 231, 20 S.W. 728, 728-29 (Houston 1892, no writ)). Estoppel by deed or contract
precludes parties to a valid instrument from denying its force and effect. Schroeder v. Texas Iron
Works, Inc., 769 S.W.2d 625, 628-29 (Tex. App.--Corpus Christi 1989), aff'd on other grounds, 813
S.W.2d 483 (Tex. 1991). Although estoppel by deed operates most commonly against a grantor, a
grantee is similarly a party to the deed and bound by the recitals, reservations, and exceptions
therein. See Greene v. White, 137 Tex. 361, 153 S.W.2d 575, 583 (1941); Zambrano v. Olivas, 490
S.W.2d 218, 221 (Tex. Civ. App.--El Paso 1973, writ ref'd n.r.e.).

 Estoppel by deed is the product of a good and valid deed. Powers v. Wallis, 258 S.W.2d 360,
362-63 (Tex. Civ. App.--Eastland 1953, writ ref'd n.r.e.) (citing Breen v. Morehead, 126 S.W. 650,
655 (Tex. Civ. App. 1910), aff'd, 104 Tex. 254, 136 S.W. 1047 (1911)). The effect of estoppel by
deed is to prevent a party to the deed from denying the truth of the recitals in a valid deed. See
Freeman, 171 S.W.3d at 654. A "recital" is a formal statement in any deed or writing that is used
to explain the reasons upon which the transaction is based. McMahan v. Greenwood, 108 S.W.3d
467, 484 (Tex. App.--Houston [14th Dist.] 2003, pet. denied). The recital of facts binds both the
parties to the deed and their privies. See Lambe v. Glasscock, 360 S.W.2d 169, 172 (Tex. Civ. App.--San Antonio 1962, writ ref'd n.r.e.); McDaniel v. Cherry, 353 S.W.2d 280, 284 (Tex. Civ. App.--Texarkana 1962, writ ref'd n.r.e.) (citing Williams v. Hardie, 85 Tex. 499, 22 S.W. 399, 401 (1893)). 
To determine whether the doctrine of estoppel by deed should apply, we must again focus on the
intention of the parties to the instrument and ask whether the parties intended to bind themselves to
the terms of the recital at issue. Sauceda, 164 S.W.3d at 915.

 The E.D. Warner deed unambiguously recites that, within the southeastern-most forty acres
of the land covered thereby, (17) ten acres had previously been conveyed to Jack Ellison and two acres
had been previously been conveyed to Bailey. Angell is a decedent of the grantee in the deed, privy
to its language by her family relationship to both the grantors and the grantee. She is bound by the
recitals, just as her grandfather was. See Freeman, 171 S.W.3d at 654. There has been no argument
that this deed is invalid in any way. The deed recites that the exceptions were made because the
acres had already been transferred to the parties referenced, including Jack Ellison and Bailey. 
Angell is estopped to deny the truth of the recitals in the instrument and therefore cannot deny the
Jack Ellison and Bailey interests. The trial court did not err by concluding that Angell was estopped
to deny the existence of the Jack Ellison and Bailey interests.

 Therefore, while we do not agree with all of the trial court's reasoning, as set forth in its
Findings of Fact and Conclusions of Law, with regard to the southeastern-most parcel of the half-Section, we do agree with his conclusion that Bailey, Jack Ellison, and Appellants are co-tenants of
those forty acres.

 The trial court did, however, err in not noting that the Martin-Norman Ellison-Anderson
interests are limited to the southeastern-most 10-acre parcel, rather than the entire forty-acre tract. 
We therefore conclude that the land in the southeastern-most forty acres covered by the E.D. Warner
deed is owned as co-tenants in the following percentages:


The SE ¼ of the SE ¼ of the NE ¼ of the Section [i.e., the southeastern-most 10 acres]

Lawrence Martin 20.00%

Norman Ellison 20.00%

C.D. Anderson 20.00%

Jack Ellison 11.77% (18)

S.A. Bailey 2.35%

Appellants 25.88%.


The W ½ of the SE ¼ of the NE ¼ of the Section plus the NE ¼ of the SE ¼ of the NE ¼ of the
Section [the remaining 30 acres]


Jack Ellison 29.41%

S.A. Bailey 5.88%

Appellants 64.71%.


CONCLUSION


 The trial court erred in not removing the cloud on Angell's title to 7/8ths of the affected one-half Section.

 Although the trial court also erred by applying the law of conveyances to the Jack Ellison and
Bailey exceptions, the trial court did not err in ruling that Angell was estopped to deny the existence
of Jack Ellison's and Bailey's interests in the SE ¼ of the NE ¼ of the Section, nor did it err in
concluding that Appellants and Appellees are co-tenants of a portion of the deeded property.

 We therefore reverse and render in part and affirm, as modified, in part. In light of our
disposition, we remand to the trial court for further proceedings not inconsistent with this opinion,
including a reconsideration of the fees to be awarded to the attorney ad litem.


 KENNETH R. CARR, Justice


May 24, 2007


Before Chew, C.J., McClure, and Carr, JJ.
1. The original petition also named Jennifer Angell McKee, Jeanne Warner Clark, Hope Clark Fontanes, Jesse
Beall Clark, Jr., Jeanne Claudia Clark Stewart, Bret Warner Clark, Frank D. Norris, Joe Warner Norris, Nancy Norris
Harris, and Norma Norris Gist as plaintiffs, and each of them is an Appellant in this Court. All of the Appellants are
related by blood or by marriage and are successors in interest to E.D. Warner. Angell was the primary witness at trial
and testified on the group's behalf.
2. Unless the context clearly refers to her individually, all future references herein to "Angell" shall include all
Appellants collectively. Furthermore, where appropriate in context, future references to the other individuals named in
the foregoing deed, including Jack Ellison and S.A. Bailey, shall include their respective successors in interest.
3. Appellees were served by publication in Reeves County and are represented by an attorney ad litem in this
proceeding.
4. "Mr." Anderson is so identified in his recorded deed.
5. The record in this Court includes records of computerized tax receipts from 1991 forward, paid by the Warner
family. Prior to 1991, the Reeves County tax records were not computerized, and they are not readily accessible.
6. A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would
affect or impair the title of the owner of the property. Sadler v. Duvall, 815 S.W.2d 285, 293 (Tex. App.--Texarkana
1991, writ denied). A suit to remove a cloud on title (a "suit to quiet title") is a suit for a specific equitable remedy. 
Fricks v. Hancock, 45 S.W.3d 322, 327 (Tex. App.--Corpus Christi 2001, no pet.).
7. Nevertheless, Plaintiff's [sic] Original Petition seeks to remove a cloud on the Appellants' title to the entire
tract.
8. That is, the Southeast ¼ of the Northeast ¼ of the entire Section.
9. Specifically, as to the North ¼ of the Section, plus the Southwest ¼ of the Northwest ¼ (except the State's
2.49 acres), the Southeast ¼ of the Northwest ¼, and the Southwest ¼ of the Northeast ¼ of the Section.
10. I.e., the Southeast ¼ of the Southeast ¼ of the Northeast ¼ of the Section.
11. It is thus clear that D.M. Warner et ux. did not intend that this instrument convey any of the excepted tracts,
either to their son or to anyone else.
12. Therefore, neither Bailey nor Jack Ellison can use the conveyance described in the E.D. Warner deed to
establish his own title to any property.
13. But cf. n.11, supra.
14. We note, from the Reeves County deed records, that the excepted deeds to Martin, Norman Ellison, and
Anderson, as well as the one to the State (none of which Angell disputes), all referred to actual conveyances of interests
in the subject property which, as stated in the E.D. Warner deed, had been made by D.M. Warner et ux. several years
prior thereto.
15. We do not need to speculate about what would be the result, in view of Bailey 's and Jack Ellison's failures
to record their respective deeds, if the grantors (D.M. Warner et ux.), had attempted to convey those same tracts to their
son (or to a third party). The simple fact is that the grantors expressly stated that they were not attempting to convey any
of the listed interests.
16. Angell argues that, where an exception fails due to a lack of a proper description, there can be no estoppel. 
However, she cites no case law, and we have been unable to find a case in Texas where estoppel by deed was ineffective
due to the inadequate description of an exception or reservation. In addition, were we to decide that estoppel does not
apply in this case, we would render the exceptions meaningless. Such a construction would violate the rule as stated in
Forbau, 876 S.W.2d at 133-34, that we must attempt to harmonize all of an instrument's provisions, so that none will
be rendered meaningless.
17. See n.6, supra.
18. Appellees' and Appellants' percentage co-tenancies for this parcel were calculated as follows: Jack Ellison
[10/34 x 2/5]; Bailey [2/34 x 2/5]; and Appellants [22/34 x 2/5].