**REVERSE and RENDER and Opinion Filed December 22, 2022**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

No. 05-22-00024-CV

**CHRISTINA THOMAS, Appellant**
**V.**
**AMERICAN EXPRESS NATIONAL BANK, Appellee**

**On Appeal from the County Court at Law No. 2**
**Collin County, Texas**
**Trial Court Cause No. 002-01809-2021**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Carlyle, and Justice Garcia
Opinion by Justice Garcia

Christina Thomas appeals the final judgment in favor of American Express National Bank on its account stated claim.[1] In a single issue, Thomas argues the evidence is legally insufficient to support the judgment. Because we conclude there is no evidence that American Express National Bank owned the debt or had an agreement with Thomas, we reverse the trial court's judgment and render judgment that American Express National Bank take nothing on its claim.

---

[1] American Express did not file a brief in this appeal.

# I.  Background

In 2017, American Express Centurion Bank ("Amex Centurion") issued Thomas an American Express credit card ending in 11006 (the "Credit Card"). In 2021, American Express National Bank ("Amex National") initiated this suit to recover outstanding indebtedness from Thomas on a theory of account stated.

The case was tried to the court. A business records affidavit from Sean Hamilton, custodian of records for Amex National was admitted into evidence. The attached business records included a cardmember agreement between Thomas and Amex Centurion and two years of monthly statements sent by "American Express" from March 2019-March 2021. Thomas admitted that she made purchases and payments on the Credit Card.

When the trial concluded, the court entered judgment for $22,245.80 plus costs in favor of Amex National. This appeal followed.

# II.  Analysis

In a single issue, Thomas argues the evidence is legally insufficient to support the judgment. We agree.

When a party attacks the legal sufficiency of the evidence to support an adverse finding on which it did not have the burden of proof at trial, it must demonstrate there is no evidence to support the adverse finding. *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 215 (Tex. 2011). In determining whether the evidence is legally sufficient to support a finding, we consider the

–2–

evidence in the light most favorable to the judgment and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We must credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *Id*. at 827. "The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *Id*.

A complaint that the evidence is legally insufficient will be sustained when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of the vital fact. *Id*. at 810. "Anything more than a scintilla of evidence is legally sufficient to support the finding." *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc*., 960 S.W.2d 41, 48 (Tex. 1998). There is more than a scintilla of evidence "when the evidence as a whole rises to a level enabling reasonable and fair-minded people to have different conclusions." *Waste Mgmt. of Tex., Inc. v. Tex. Disposal Sys. Landfill, Inc*., 434 S.W.3d 142, 156 (Tex. 2014). When a legal sufficiency point is sustained, the appellate court's duty is to reverse and render. *Heritage Resources, Inc. v. Hill*, 104 S.W.3d 612, 619 (Tex. App.—El Paso 2003, no pet.).

To prove it was entitled to judgment under the account stated claim, Amex National was required to show the following: (1) transactions between it and Thomas

gave rise to the indebtedness; (2) an agreement, express or implied, between Thomas and Amex National that fixed the amount due; and (3) Thomas made an express or implied promise to pay the indebtedness. *See Aymett v. Citibank S.D. N.A.*, 397 S.W.3d 876 (Tex. App.—Dallas 2013, no pet.); *Dulong v. Citibank (S.D.), N.A.*, 261 S.W.3d 890, 893 (Tex. App.—Dallas 2008, no pet.).

Here, there is nothing in the record to explain the relationship, if any, between Amex National, the party seeking recovery, and Amex Centurion, the party with whom Thomas had an agreement. There is no explanation or connection in the petition or the business records affidavit. *See Saum v. American Express Nat'l Bank*, No. 02-19-00415-CV, 2021 WL 1034146, at *1–2 (Tex. App.—Fort Worth March 18, 2021, pet. denied) (mem. op.) (custodian of records explained discrepancy between entity name on cardmember agreement and entity seeking recovery and a footnote in petition explained relationship); *Rizvi v. American Express Nat'l Bank*, No. 02019-00197-CV, 2020 WL 3969585, at *4 (Tex. App.—Fort Worth June 18, 2020) (testimony regrading merger explained entity name discrepancy). Likewise, the monthly statements do not explain the discrepancy. *See Dulong*, 261 S.W.3d at 894 (notice of merger in monthly statements sufficient to establish ownership of debt).

The cardmember agreement attached to the affidavit reflects an agreement between Amex Centurion and Thomas. But there is no evidence establishing a

–4–

connection between Amex Centurion and Amex National. Accordingly, Amex National failed to prove that it is entitled to recover on the Amex Centurion debt.

We reverse the trial court's judgment and render judgment that Amex National take nothing on its claim.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

220024F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTINA THOMAS, Appellant

No. 05-22-00024-CV     V.

AMERICAN EXPRESS
NATIONAL BANK, Appellee

On Appeal from the County Court at Law No. 2, Collin County, Texas
Trial Court Cause No. 002-01809-2021.
Opinion delivered by Justice Garcia. Chief Justice Burns and Justice Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that:
AMERICAN EXPRESS NATIONAL BANK take nothing on its claims.

It is **ORDERED** that appellant CHRISTINA THOMAS recover her costs of this appeal from appellee AMERICAN EXPRESS NATIONAL BANK.

Judgment entered this 22nd day of December 2022.